O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | | |
|---|---|---|
| MARY YRIGOYEN, | ) | Case No. EDCV 11-1450-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Mary Yrigoyen seeks judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is affirmed and the action is dismissed with prejudice.

## I.   Facts and Procedural Background

Plaintiff was born on December 26, 1971. (Administrative Record ("AR") at 65.) She has a tenth grade education and has work experience as a store clerk. (AR at 211, 215.) Plaintiff filed her application for SSI benefits on April 30, 2008, alleging disability beginning November 30, 2005, due to back and arm pain and

1

arthritis. (AR at 65, 210.) Her application was denied initially on June 13, 2008 and upon reconsideration on June 27, 2008. (AR at 67-70, 75-79.) Administrative Law Judge ("ALJ") Joseph D. Schloss held administrative hearings on September 23, 2009, March 2, 2010 and May 20, 2010. Plaintiff, represented by an attorney, testified as did a vocational expert ("VE") and a medical expert. (AR at 13-63.)

ALJ Schloss issued an unfavorable decision on November 22, 2010. (AR at 389-397.) The ALJ found that Plaintiff suffered from the following severe impairments: morbid obesity, arthritis and diabetes. (AR at 391.) However, these severe impairments did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 392.)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 416.967(b) as follows: "[T]he claimant could stand and/or walk for 1 hour in an 8-hour work day, 10 to 15 minutes at a time; she could sit for 8 hours in an 8-hour workday, but changing positions every 1 to 3 minutes per hour; the claimant would be allowed to elevate her legs 6 inches above floor level and stand and stretch as needed; the claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently; the claimant could not climb ladders, ropes, or scaffolds; the claimant could not work at heights or balance; she could not do forceful gripping, grasping, or twisting but she could do fine manipulation, such as keyboarding; the claimant could do frequent gross manipulation, such as opening drawers and carrying files; she could occasionally do flexion and extension at the elbows for both upper extremities." (AR at 392.)

The ALJ concluded that although Plaintiff could not perform

2

any past relevant work, there were jobs in the national economy which Plaintiff could perform, such as counter clerk, school bus monitor, and election clerk. (AR at 396-397.) Therefore, he found that Plaintiff was not disabled under the Social Security Act. (AR at 397.)

The Appeals Council denied review on July 19, 2011 (AR at 1-4), and Plaintiff commenced this action for judicial review. On April 20, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, including the following claims of error: (1) the ALJ erred in evaluating Plaintiff's credibility and subjective testimony; and (2) the ALJ failed to carry the Administration's Burden at Step 5 of the sequential evaluation process. (Joint Stip. at 3.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. at 21.) The Commissioner requests that the ALJ's decision be affirmed. (Id.)

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504

1  F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*,

2  466 F.3d 880, 882 (9th Cir. 2006)). To determine whether

3  substantial evidence supports a finding, the reviewing court "must

4  review the administrative record as a whole, weighing both the

5  evidence that supports and the evidence that detracts from the

6  Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720

7  (9th Cir. 1996). "If the evidence can support either affirming

8  or reversing the ALJ's conclusion," the reviewing court "may not

9  substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at

10  882.

11

12  **III. Discussion**

13      **A.   The ALJ Properly Evaluated Plaintiff's Subjective Symptom**

14          **Testimony**

15       Plaintiff contends that the ALJ failed to provide clear and

16  convincing reasons for discrediting her subjective symptom

17  testimony. (Joint Stip. at 4.) Plaintiff testified at the

18  administrative hearing to the following symptoms and functional

19  limitations: she has cysts around the heels of her feet and

20  throbbing pain on the bottom left heel; she has numbness in both

21  hands; she can only walk about five steps before having to sit

22  down; she had surgery in her left hand but she still has numbness

23  in her left elbow and hand; and she uses inhalers and takes pain

24  medication. (AR at 33-34, 47-55.)

25       To determine whether a claimant's testimony about subjective

26  pain or symptoms is credible, an ALJ must engage in a two-step

27  analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)

28  (citing *Lingenfelter* 504 F.3d at 1035-36). First, the ALJ must

4

determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

Here, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (AR at 393.) However, the ALJ rejected Plaintiff's description of her symptoms "to the extent they [were] inconsistent" with the ALJ's assessment that Plaintiff retained the RFC to perform light work with certain limitations. (Id.)

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

at 883. However, where there is affirmative evidence suggesting malingering, this "vitiates the clear and convincing standard of review." *See Schow v. Astrue*, 272 Fed.Appx. 647, 651 (9th Cir. 2008) (citing *Lingenfelter*, 504 F.3d at 1036; *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996)). Here, there was affirmative evidence of malingering. On November 5, 2009, Plaintiff was evaluated by clinical psychologist Dr. Robin Rhodes Campbell, Ph.D. and given various psychological tests. (AR at 316-326.) As noted by the ALJ, Dr. Campbell found that Plaintiff's effort was sporadic in that, "[a]t times, she appeared to give tasks a good effort, and at other times she appeared to be deliberately performing poorly, exaggerating, or feigning symptoms." (AR 395, citing AR at 322.) Dr. Campbell also noted that the psychological test results "should be interpreted cautiously given the claimant's poor effort." (AR at 320.)

    In addition to the noted evidence of malingering, the ALJ extensively reviewed the medical evidence and reasonably determined that it did not support Plaintiff's alleged symptoms and limitations. (AR at 393-395.) As noted by the ALJ, the consultative examiners, reviewing physicians and the testifying medical expert all opined that Plaintiff was capable of working. (AR at 15-16, 254-268, 304-315, 316-323, 355-363.) The ALJ also noted that, during an initial interview with Plaintiff, a Social Security claims representative did not observe Plaintiff having any difficulty sitting, standing, walking or using her hands. (AR at 393, citing AR at 205-207.) Although this is not a sufficient reason in and of itself for discrediting Plaintiff's testimony, an ALJ may take note that a claimant's subjective complaints are

1  inconsistent with her conduct. *See Thomas*, 278 F.3d 947, 958-59
2  (9th Cir. 2002) (inconsistency between the claimant's testimony and
3  conduct supported rejection of claimant's credibility).

4      In sum, the "affirmative evidence of malingering," in addition
5  to the lack of medical evidence in the record to support
6  Plaintiff's subjective complaints, was a sufficient reason to
7  discount Plaintiff's credibility, and Plaintiff is therefore not
8  entitled to relief on this claim.

9      **B.  The ALJ Properly Determined that Plaintiff Was Not**
10     **Disabled at Step 5 of the Sequential Evaluation Process**
11     Plaintiff contends that the ALJ erred in determining disability
12 at Step 5 of the sequential process because the description of the
13 jobs that the ALJ determined that Plaintiff could perform, as
14 described in the Dictionary of Occupational Titles ("DOT"), require
15 more walking and standing than provided for in the ALJ's
16 determination of Plaintiff's RFC. (Joint Stip. at 13.)

17     Based upon the testimony of the VE, the ALJ determined that
18 Plaintiff could perform the occupations of counter clerk (DOT
19 249.366-010) and school bus monitor (DOT 372.667-042), which are
20 both classified as light work, and election clerk (DOT 205.367-
21 030), which is classified as sedentary work. (AR at 16-19, 396-
22 397.) In determining Plaintiff's RFC, the ALJ concluded that
23 Plaintiff could stand and/or walk for one hour in an eight-hour
24 work day; sit for eight hours in an eight-hour work day with normal
25 breaks such as every two hours; and stand and stretch for one to
26 three minutes per hour as needed. (AR at 392.)

27     Plaintiff contends that the requirements of counter clerk and
28 school bus monitor conflict with the ALJ's RFC assessment because

the descriptions of the jobs require more walking and/or standing than just one hour per day. (Joint Stip. at 16-17.) Although light work is in fact defined as requiring "a good deal of walking or standing," a job may also be defined as light work "when it involves sitting most of the time with pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). When questioned by Plaintiff's attorney, the VE specifically testified that the counter clerk job primarily involved sitting and that the job fit the hypothetical question posed by the ALJ. (AR at 17-18, 20-21.) The ALJ was permitted to rely on the VE's expert testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005); *see also Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) (noting that the ALJ "may take administrative notice of any reliable job information, including ... the services of a vocational expert ... even though the job traits may vary from the way the job title is classified in the DOT") (internal citations omitted).

In addition, Plaintiff was capable of performing the election clerk position, which is classified as sedentary work. Sedentary work "involves sitting, [although] a certain amount of walking and standing is often necessary. Jobs are sedentary if walking and standing are required occasionally ...." 20 C.F.R. § 416.967(a). If a person is capable of light work, he or she can also do sedentary work. 20 C.F.R. § 416.967(b). Therefore, given Plaintiff's RFC, she was capable of performing the sedentary job of election clerk.

Even assuming without deciding that Plaintiff was unable to perform the job of school bus monitor given her inability to stand for more than one hour per day, she was not precluded from the jobs of counter clerk and election clerk. The VE testified that there

8

were 13,500 regional and 340,000 national jobs available as a counter clerk and 9,350 regional and 98,000 national jobs available as an election clerk. Accordingly, given the number of jobs available both regionally and nationally, substantial evidence supports the ALJ's finding that Plaintiff was not disabled. *See Thomas*, 278 F.3d at 960 (finding 1,300 jobs in the state to be sufficient); *Moncanda v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (finding 2,300 jobs in the county and 64,000 nationwide to be sufficient). Thus, any possible error in finding that Plaintiff could perform the job of school bus monitor was harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (harmless error rule applies to review of administrative decisions regarding disability); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Accordingly, the ALJ properly determined at step 5 of the sequential evaluation process that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, and therefore substantial evidence supports the ALJ's determination that Plaintiff is not disabled.

**IV.   Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED** and the action is **DISMISSED** with prejudice.

Dated: May 2, 2012

_____
Marc L. Goldman
United States Magistrate Judge